### G. M. Adams, etc., *v.* Harrison Cockerill.

**Replevin—Signing Blank Bond—Presumption.**

> Where one signs a blank replevin bond, it will be presumed that the execution debtor or the sheriff had authority from the person so signing to fill the blanks, unless such authority is revoked before the blanks have been filled.

APPEAL FROM OWSLEY CIRCUIT COURT.

February 13, 1873.

OPINION BY JUDGE LINDSAY:

The appellee's grounds for relief in this action are in the nature of a plea of *non est factum* to the replevin bond which was at the time of the institution of the suit about to be enforced by execution. Although this is a proceeding in equity the parties seem voluntarily to have submitted the questions of fact to a jury, and the chancellor based his judgment perpetuating the injunction upon the verdict returned.

The instructions given are more favorable to appellants than they should have been. It does not matter whether the execution debtors did or not practice a fraud upon Cockerill when he procured his signature to the blank replevin bond.

The essential question is, Did the sheriff have the right to fill up the bond at the time he did so?

The signing of the blank bond imposed no liability upon Cockerill. It was then incomplete and would be made to answer no purpose until filled up. It is to be presumed that the execution debtor Daniels, or the sheriff had authority from Cockerill to fill blanks, and had either of them done so whilst this authority continued he would have been concluded by its exercise. Daniels, however, without filling the blanks, delivered the paper to the sheriff. The latter called Cockerill's attention to the amount due on the execution,

and immediately the presumed authority to fill up the blanks was revoked.

Cockerill had executed no bond, and was not liable for the judgment against Daniels at the time of his conversation with the sheriff, and he that day expressly revoked the authority that that officer had to render him liable therefor by filling up and accepting the bond which had previously been signed in blank.

The sheriff states that when he did fill the blanks, he acted for his own protection, and not under authority from Cockerill.

The newly discovered testimony relates only to the alleged fraud practiced by Daniel upon the appellee, and would not have been pertinent to the issue if it had been produced on the trial. Besides this, the affidavit of Hogg shows that he was agent for appellants in the preparation of the cause and that he knew on the 1st of April what Daniels would swear. This was nearly a month before the trial.

The motion for a new trial was properly overruled.

Judgment *affirmed*.

*James, for appellants.*

*Rodman, for appellee.*